IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **PRESTON MILES BLACK,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV 23-044-RAW-JAR |
| ) | |
| **JOHN CHRISTIAN, et al.,** ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Plaintiff is a pro se pretrial detainee in the custody of the Oklahoma Department of Corrections who is incarcerated at the Pontotoc County Justice Center in Ada, Oklahoma. He filed this civil rights complaint pursuant to 42 U.S.C. § 1983, seeking relief for alleged constitutional violations occurring in Pontotoc County, Oklahoma. (Dkt. 1). The defendants are John Christian, Pontotoc County Sheriff; unknown or all other contractors; Pontotoc County Court Clerk's Office; Pontotoc County County Treasurer's Office; Pontotoc County Commissioner's Office; the State of Oklahoma, and the Pontotoc County Municipal Government.

Plaintiff alleges in Claim One of the complaint that he is a Black American. He claims he was arrested and detained illegally because of a piece of mail that was mailed to the wrong address. He asserts the defendants constantly drive by in his small town, smiling and waving. They also follow him everywhere he goes and watch him nonstop. (Dkt. 1 at 5).

In Claim Two, Plaintiff asserts that he works part time and is a good citizen, the defendants harass and intimidate him because he is Black and has no previous charges. They even have gone as far as having evil deeds committed against him and people he knows. He also allegedly has been assessed fines on top of fines. *Id.*

Plaintiff claims in Claim Three that the defendants know he works in a fast-food job and has child support obligations. They, however, harass him with excessive bail he cannot afford, which puts him in a dangerous place and situation and inflicts cruel and unusual punishment. *Id*. at 6.

Ground Four alleges "conspiracy/habeas corpus." He claims money is being embezzled through city telecoin, then inmates are not given any paperwork. Further, his medical information allegedly been leaked, and he is not allowed into a kiosk of phones, denying him access to the system. *Id.*

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint also must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the

cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). *See also Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (holding that § 1915A dismissals are reviewed under the Fed. R. Civ. P. 12(b)(6) standard for stating a claim for relief).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Amended Complaint**

Within twenty-one (21) days of the entry of this Order, Plaintiff must file an amended

complaint on this Court's form. The amended complaint must set forth the full name of each person he is suing under 42 U.S.C. § 1983. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1237 (10th Cir. 1999) (holding that "a cause of action under § 1983 requires a deprivation of a civil right by a 'person' acting under color of state law"). Further, the names in the caption of the amended complaint must be identical to those contained in the body of the amended complaint, pursuant to Fed. R. Civ. P. 10(a). Plaintiff also is responsible for providing sufficient information for service of process. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (plaintiff proceeding *in forma pauperis* and pro se had responsibility to provide correct names and proper addresses for service of process).

Because the Pontotoc County Court Clerk's Office, the Pontotoc County Treasurer's Office, the Pontotoc County Commissioner's Office, and the Pontotoc County Municipal Government are not "persons," they are DISMISSED and may not be named as defendants in the amended complaint. Further, the Eleventh Amendment bars suits in federal court against a state, regardless of the relief sought. Oklahoma has not consented to be sued in federal court, *see* Okla. Stat. tit. 51, § 152.1, and § 1983 does not abrogate states' sovereign immunity, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Therefore, the State of Oklahoma also is DISMISSED from this action and may not be named as a defendant in the amended complaint.

The amended complaint must include a short and plain statement of when and how each named defendant violated Plaintiff's constitutional rights and showing Plaintiff is entitled to relief from each named defendant. *See* Fed. R. Civ. P. 8(a). Plaintiff also shall identify a specific constitutional basis for each claim. *See id*. He is admonished that simply alleging that a defendant is an employee or supervisor of a state agency is inadequate to state

a claim. Plaintiff must go further and state how the named defendant's personal participation violated his constitutional rights. The Court only will consider claims "based upon the violation of a plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990). *See also* Local Civil Rule 9.2(c). The amended complaint must include all claims and supporting material to be considered by the Court. *See* Local Civil Rule 9.2(c). It must be complete in itself, including exhibits, and may not reference or attempt to incorporate material from the original complaint or exhibits. *Id*. It also may not include defendants or claims that are dismissed by this Order. Pursuant to Local Civil Rule 5.2(a), the amended complaint must be clearly legible, only one side of the paper may be used, and additional sheets of paper shall have margins of no less than one (1) inch on the top, bottom, and sides. The Court Clerk is directed to send Plaintiff a form for filing an amended complaint.

**ACCORDINGLY,**

1. The Pontotoc County Court Clerk's Office, the Pontotoc County Treasurer's Office, the Pontotoc County Commissioner's Office, the Pontotoc County Municipal Government, and the State of Oklahoma are DISMISSED from this action.

2. Plaintiff is directed to file within twenty-one (21) days an amended complaint on the Court's form as directed in this Order.

3. The Court Clerk is directed to send Plaintiff a copy of the form for filing an amended civil rights complaint in this Court.

4. Failure to comply with this Order will result in dismissal of this action without

5

further notice.

**IT IS SO ORDERED** this 12th day of April 2023.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA